UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGARET L. P.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C18-5470 MLP

ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating the medical evidence; rejecting Plaintiff's testimony; and assessing Plaintiff's residual functional capacity ("RFC"). (Dkt. # 11.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1977, has a high school education as well as beautician training, and has worked as a hairdresser. AR at 756, 780. Plaintiff was last gainfully employed at a salon in 2010. *Id.* at 43, 46.

On January 2012, Plaintiff applied for benefits, alleging disability as of December 30, 2009. AR at 22. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 67-81. During her first administrative hearing, Plaintiff amended her alleged onset date to February 23, 2009. *Id*. at 22, 40-41, 257. Her date last insured is December 21, 2009. *Id*. at 750. The ALJ conducted a hearing on September 12, 2013 (AR at 39-66), and subsequently issued a decision finding that Plaintiff was not disabled. *Id*. at 16-37. The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed to this Court. *Id*.at 1-5.

By Order dated July 27, 2016, the Honorable Ricardo S. Martinez reversed and remanded the case for further administrative proceedings. AR at 795-811. Specifically, Judge Martinez directed that the ALJ reevaluate Plaintiff's credibility, reassess and determine the RFC, and reevaluate steps four and five. *Id.* at 810.

A second hearing was held on March 1, 2017. AR at 764-85. On March 22, 2017, the ALJ found that Plaintiff was not disabled.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of February 23, 2009 through her date last insured of December 31, 2009.

Step two: Plaintiff has the following severe impairments: degenerative disc disease and compression fracture of the spine, headaches, and lymphoma.

---

[1] 20 C.F.R. §§ 404.1520.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform light work except she can stand and walk for four hours in an eight-hour day; sit for six hours in an eight hour day; never climb ladders, ropes, or scaffolds, occasionally climb ramps and stairs, and occasionally stoop, kneel, crouch, and crawl.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 744-62.

As the Appeals Council denied plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 738-42. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 5.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

#### *1. Standards for Reviewing Medical Evidence*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

        *2.     Donald Blackman, M.D.*

Plaintiff argues that after the second hearing following remand from the district court, the ALJ improperly rejected the opinion of the medical expert, Dr. Blackman, that Plaintiff's lymphoma equaled a listing prior to the date last insured. (Dkt. # 11 at 2-3 (citing AR at 755, 771).) Specifically, in response to the ALJ's inquiry regarding which Listing would apply to Plaintiff's lymphoma, Dr. Blackman testified that Listing 13.05 "requires persistence in spite of chemotherapy or recurrence after chemotherapy, and we do have, you know, surveillance records up to 2016. And it was a

concern for recurrence in 2014 with some lymph nodes in the neck but follow up studies did not confirm that. So it appears that the lymphoma has not recurred, did not persist, from the record." AR at 771. Dr. Blackman testified that because Plaintiff's "lymphoma has not recurred, did not persist, from the record," her lymphoma "does not meeting (sic) the listing, no." *Id.* at 771. The ALJ then asked if the lymphoma equaled a listing prior to the date last insured, to which Dr. Blackman responded, "I think the lymphoma was there and was persisting for more than a year, so I think you could say it would equal a listing for that period. That was because it wasn't recognized and hadn't been treated." *Id.* at 771.

The ALJ summarized Dr. Blackman's testimony, but gave his opinion little weight. The ALJ stated that, "[t]o begin, his opinion regarding whether the claimant's lymphoma met or equaled any Listing is equivocal; he did not unequivocally state that the claimant's impairment equaled any Listing during the DIB relevant time period." AR at 755. In addition, the ALJ afforded his opinion that Plaintiff's RFC was limited to less than sedentary work only "little weight" because "this is inconsistent with the claimant's exam findings showing normal strength, muscle tone, gait, and no significant reflex or sensory loss." *Id.* at 755.

Plaintiff contends that the ALJ is incorrect to characterize his testimony as equivocal, and if the ALJ did not believe Dr. Blackman's testimony was clear enough, he could have asked for clarification. (Dkt. # 11 at 2.) With respect to the ALJ's second reason given for rejecting Dr. Blackman's opinion – that an RFC limiting Plaintiff to less than sedentary exertion is "inconsistent with the claimant's exam findings" – Plaintiff contends that the ALJ erred by "improperly acting as his own medical expert. Dr. Blackman reviewed all of the medical evidence, and noted that [Plaintiff's] March 2010 bone biopsy showed 'evidence of lymphoma and swollen lymph nodes and bone with pathologic fractures in the sacrum and also in some of the thoracic and lumbar vertebrae.'" AR at 769 (citing AR at 319). Dr. Blackman concluded,

> It's my opinion that the pain starting back in the year before, in February 2009, probably related to one of the pathologic fractures and the persistent pain and the persistent swollen lymph nodes and bony metastases of the lymphatic tissue. So I think that the impairment does go back to that date.

*Id.* at 769.

The Court agrees that the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Blackman's opinion. The ALJ asserted that "he did not unequivocally state that the claimant's impairment equaled any Listing during the DIB relevant time period." AR at 755. However, this is not a reasonable interpretation of Dr. Blackman's testimony. Dr. Blackman testified that Listing 13.05 applies to Plaintiff's lymphoma, and he outlined the applicable criteria before stating that because Plaintiff did not do the bone cell or bone marrow or stem cell transplant, her lymphoma does not meet the listing. *Id.* at 771. However, he further testified that "I think the lymphoma was there and was persisting for more than a year, so *I think you could say* it would equal a listing for that period." *Id.* at 770-71 (emphasis added). His use of the words "I think you could say" reflect the fact that he was expressing an opinion, and not that he was equivocating or declining to take a position. Thus, the ALJ erred by rejecting his opinion on the grounds that his opinion was equivocal. *Id.* at 775.

The Commissioner's briefing with respect to this assignment of error is nonsensical. The Commissioner responds that "Dr. Blackman's statement about Plaintiff possibly meeting a listing does not provide any evidence for the ALJ to develop…" (Dkt. # 15 at 10.) However, as discussed above, Dr. Blackman did not opine that Plaintiff "possibly met a listing." He opined that she did not meet Listing 13.05, but her impairment equaled it.

The Court also finds that the ALJ erred by rejecting Dr. Blackman's opinion that Plaintiff can perform less than sedentary work, because "this is inconsistent with the claimant's exam findings showing normal strength, muscle tone, gait, and no significant reflex or sensory loss." AR at 755. Plaintiff contends that this was not a specific and legitimate reason to reject Dr. Blackman's opinion,

because the ALJ was improperly acting as his own medical expert. (Dkt. # 11 at 3.) Dr. Blackman "reviewed all of the medical evidence, and noted that [Plaintiff's] March 2010 bone biopsy showed "evidence of lymphoma and swollen lymph nodes and bone with pathologic fractures in the sacrum and also in some of the thoracic and lumbar vertebrae." AR at 769 (citing AR at 319). Dr. Blackman concluded:

> It's my opinion that the pain starting back in the year before, in February 2009, probably related to one of the pathologic fractures and the persistent pain and the persistent swollen lymph nodes and bony metastases of the lymphatic tissue. So I think that the impairment does go back to that date.

*Id.* at 769.

Contrary to the ALJ's analysis, the fact that some of Plaintiff's physical exam findings were normal during relevant period does not prove that her cancer with "bony metastases of the lymphatic tissue" was not causing severe pain that would prevent her from performing any full-time work. AR at 755. The ALJ fails to discuss any of the objective findings that support Plaintiff's allegations, including the MRI reports, bone biopsy, and the findings of reduced range of motion and difficulty with moving from sitting to standing, rotation at the waist, and straight leg raising. *Id.* at 319, 358, 365-66, 369, 520.

Accordingly, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Blackman's testimony, and this error was harmful. If the ALJ had adopted Dr. Blackman's opinion that Plaintiff's lymphoma equaled Listing 13.05 during the relevant period, Plaintiff would be found disabled and awarded benefits at step three. This case must be remanded so the ALJ can reevaluate Dr. Blackman's testimony, and specifically evaluate whether Plaintiff's impairment equals a Listing.

### *3. Other Medical Evidence Discussed by Plaintiff*

Plaintiff's brief contains a lengthy recitation of medical evidence that Plaintiff argues is consistent with Dr. Blackman's opinion. (Dkt. # 11 at 3-11.) However, Plaintiff's discussion of the medical record fails to raise any clear assignments of error, with the exception of Plaintiff's contention that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Gang Ye, M.D. and Benjamin Platt, M.D. (*Id.*) Plaintiff argues that the ALJ gave the opinions of Dr. Platt and Dr. Ye limited weight because the "medical evidence of record as a whole does not support finding that the claimant was more limited than the residual functional capacity described above." AR at 29, 754. Plaintiff contends that this is a conclusory assertion that is not supported by substantial evidence, and that the other reasons cited by the ALJ for discounting their opinions were similarly erroneous. (Dkt. # 11 at 10.)

The Commissioner argues that the Court should not address the bulk of Plaintiff's discussion of the medical record evidence because Plaintiff failed to identify any assignment of error with specificity. (Dkt. # 15 at 11.) With respect to Plaintiff's assertion that the ALJ erred in evaluating the opinions of Dr. Ye and Dr. Platt, the Commissioner points out that Judge Martinez previously considered Plaintiff's arguments and concluded that the ALJ did not err in his assessment of these doctors' medical opinions (AR at 800-04), and remanded the case for revaluation of Plaintiff's credibility, RFC, and steps four and five. AR at 811.

The Commissioner is correct. Whereas Dr. Blackman's March 2017 testimony that Plaintiff's lymphoma equaled a Listing during the relevant period post-dated Judge Martinez's July 2016 remand order, Dr. Platt and Dr. Ye's opinions do not. Accordingly, the law of the case doctrine precludes the Court from revisiting Judge Martinez's prior ruling with respect to their opinions. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). On remand, the ALJ shall

consider any new medical evidence that relates to Dr. Blackman's opinion, or more recent medical records which show that Plaintiff's condition did not improve between 2012 and 2016. However, the Court declines to reconsider the ALJ's treatment of the opinions from Dr. Ye and Dr. Platt, as this issue was already adjudicated. AR at 800-04. The remainder of Plaintiff's discussion of the medical evidence fails to raise any assignment of error with the requisite specificity. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments).

### B. On Remand, the ALJ Shall Re-Evaluate Plaintiff's Testimony

In this Court's prior decision remanding the case for further administrative proceedings, Chief Judge Martinez found that none of the ALJ's four reasons for rejecting Plaintiff's testimony were clear and convincing, and supported by substantial evidence. AR at 804-05. The ALJ's reasons were that Plaintiff's allegations were disproportionate to the objective clinical findings for the period prior to her date last insured of December 31, 2009; her treatment was routine and conservative; her allegations were inconsistent with her activities; and her treatment for lymphoma after her date last insured was successful and did not persistent for twelve months. *Id.* at 804-10. Here, the ALJ erred by relying on several of the same reasons to once again reject Plaintiff's testimony.

The ALJ concluded that Plaintiff's statements "concerning the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record from the DIB relevant time period." AR at 753. The ALJ also states that "[a] review of the medical records reveals that the claimant's symptoms were disproportionate to

the objective and clinical findings for the period prior to her date last insured of December 31, 2009." *Id.* at 752. This statement is not clear and convincing, or supported by substantial evidence for two reasons. First, Dr. Blackman testified that Plaintiff's significant clinical findings in early 2010 relate back to the relevant period, when Plaintiff began experiencing persistent pain in her lumbar spine, and the ALJ fails to acknowledge this important aspect of Dr. Blackman's testimony and instead substitutes his own opinion for that of the medical expert. *Id.* at 769-70. Second, Judge Martinez expressly rejected this reasoning because it amounts to an improper objective evidence test. *Id.* at 805-06 ("Here, having found that [Plaintiff's] lymphoma, headaches and degenerative disc disease were medically determinable impairments; the ALJ could not reject her subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."). Thus, the ALJ erred by rejecting Plaintiff's testimony because the ALJ believed her symptoms were disproportionate to objective findings. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) ("Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.") (internal citations omitted).

The ALJ also erred by failing to consider whether the medical evidence dated after the date last insured supports an inference of disability at an earlier date, as required by SSR 18-1p. Instead, the ALJ erroneously states that "because the undersigned does not find the claimant became disabled prior to her date last insured, there is no reason to reference the medical record after her date last insured." AR at 752. The ALJ's reasoning is improper. The ALJ repeats, almost verbatim, the first ALJ's summary of some medical evidence, but fails to acknowledge that (as Dr. Blackman explained) Plaintiff's complaints of severe pain and other symptoms beginning in 2009 were related to the lymphoma that was not diagnosed until early 2010. *Id.* at

26-27, 752-53.³ For example, the ALJ found that "the record from the DIB relevant time period is devoid of significant evidence of chronic pain, such as muscle atrophy, valid neurologic deficits . . . range of motion was grossly normal." *Id*. at 753. However, the ALJ did not discuss the fact that the MRI and bone biopsy findings from February and March 2010 relate back prior to Plaintiff's date last insured, according to Dr. Blackman's testimony. Similarly, the ALJ fails to acknowledge that Plaintiff's physical therapist Dr. Whitaker found decreased range of motion in Plaintiff's lumbar spine in July 2009, which is an objective finding. *Id*. at 365-66, 369.

Finally, the ALJ essentially repeats the first's ALJ's finding that Plaintiff's activities of daily living were "inconsistent with the severity of symptoms she alleges" for the relevant time period. AR at 28, 753. For example, the ALJ states that Plaintiff's ability to care for her two young children "without assistance a great portion of the time" was inconsistent with her testimony about her limitations during the relevant time period. *Id*. at 754. However, the Court previously rejected this reasoning, holding that such a finding was not supported by the record and Plaintiff testified that her parents helped her a great deal in caring for her children. *Id*. at 28, 807-09.

Accordingly, on remand, the ALJ must also re-evaluate Plaintiff's testimony. After re-evaluating the medical evidence, including Dr. Blackman's opinion, the ALJ should reassess plaintiff's testimony pursuant to the direction provided by Judge Martinez's Order and this opinion. If necessary, the ALJ should obtain further testimony from Dr. Blackman or a similar medical expert regarding the issue of whether Plaintiff's impairments meet or equal Listing 13.05, and how the objective evidence that post-dates Plaintiff's date last insured relates to

---

³ The ALJ also appears to have improperly cherry-picked the record. For example, the ALJ noted some normal findings reported by Ms. Niehm on November 12, 2009, but failed to mention her report that Plaintiff was experiencing a flare of her back pain with pain radiating into her legs and difficulty with movement, decreased activity, and migraines. AR at 76, 752, 373.

Plaintiff's testimony about her symptoms and limitations during the relevant time period. However, the ALJ should refrain from substituting his or her own opinion for that of the medical expert.

### C. The ALJ Shall Reassess Plaintiff's RFC, and Steps Four and Five

Plaintiff's remaining assignment of error regarding the ALJ's RFC assessment and findings at step five is essentially a restatement of her arguments regarding the medical evidence in this case. (Dkt. # 11 at 16-18.) As discussed above, this case is being remanded for a reevaluation of the medical opinion of Dr. Blackman, as well as any new medical evidence and Plaintiff's testimony. The ALJ's RFC assessment and conclusions at steps four and five of the sequential evaluation process are inescapably linked to her prior conclusions regarding this evidence. Accordingly, the ALJ's findings are also reversed and the issues remanded.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

Dated this 4th day of June, 2019.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge